UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-352-BR
No. 5:14-CV-359-BR

ARTHUR TRACY VICK,  )
    Petitioner,  )
       )
v.  )      O R D E R
       )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion filed 18 December 2014. (DE # 83.)

In 2012, petitioner pled guilty to one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951. At sentencing, petitioner objected to a five-level enhancement to his guideline offense level for possession of a firearm, among other things. (8/6/12 Tr., DE # 64, at 9.) Petitioner contended that the enhancement should not be applied because he did not know a firearm was present. (See id. at 9-12.) The court overruled that objection, (id. at 15), and sentenced petitioner to 150 months imprisonment. Petitioner appealed his sentence. One of the issues the Fourth Circuit Court of Appeals considered was whether this court properly applied the firearm enhancement. The appellate court "conclude[d] that it was reasonably foreseeable to [petitioner] that a firearm would be used to carry out the robbery and therefore the district court did not err." (DE # 69, at 3.) It affirmed petitioner's sentence. (Id. at 2.)

On 20 June 2014, petitioner filed his initial § 2255 motion. (DE # 72.) On initial review of the motion, the court recognized that the review could not be completed because petitioner did not state any grounds for relief in his motion nor did he file any memorandum of law in support of his motion (which his motion represented he would do). (DE # 74.) The court then directed

petitioner to file his memorandum of law within 30 days. (Id.) After obtaining multiple extensions of time, petitioner filed the instant § 2255 motion, which sets forth one ground for relief and the supporting facts and law. The court will treat this motion as an amended § 2255 motion and conduct a review of that motion in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

In his amended motion, citing to Rosemond v. United States, 134 S. Ct. 1240 (2014), petitioner claims that the court should not have applied the five-level firearm enhancement because "the Government [never proved] advance knowledge of [petitioner] to firearms being used." (Am. Mot., DE # 83, at 4 (former alteration in original).)[1] Setting aside the issues of whether petitioner has waived his right to raise this § 2255 claim under the terms of his plea agreement and whether this claim in the amended motion relates back to the date of the original motion, the court concludes that petitioner is not entitled to relief for two reasons.

First, as discussed above, the Fourth Circuit Court of Appeals considered (and rejected) the very issue petitioner now raises. As such, this court cannot consider it in this § 2255 proceeding. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues [in a § 2255 proceeding]."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a § 2255 petitioner cannot "recast, under the guise of collateral attack,

---

[1]Page citations are to those generated by cm/ecf.

questions fully considered by th[e appellate] court"). Second, although the Supreme Court case on which petitioner relies, Rosemond, was decided after the Fourth Circuit Court of Appeals ruled on petitioner's appeal, the case does not apply retroactively to cases on collateral review. Whitener v. United States, No. 3:14-cv-00600-MOC, 2014 WL 6808789, at *2 (W.D.N.C. Dec. 2, 2014); Taniguchi v. Butler, No. 14-CV-120-KKC, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014) (collecting cases). In addition, even if Rosemond did apply retroactively, it has no bearing on petitioner's sentence. In Rosemond, the Court held that to establish the crime of aiding and abetting the use or carrying of a firearm during and in relation to any crime of violence or a drug trafficking crime, the government must "prov[e] that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. As noted previously, petitioner has been convicted of a conspiracy offense. The application of the firearm enhancement to petitioner was based on jointly undertaken criminal activity, i.e., the conspiracy to commit a robbery, (see Op., DE # 69, at 3; 8/6/12 Tr., DE # 64, at 15), which was not at issue in Rosemond. See United States v. Castillo-Allen, 567 F. App'x 738, 743 n.1 (11th Cir. 2014) (per curiam) (characterizing the defendant's citation to Rosemond as unavailing and recognizing that Rosemond did not involve the issue of the application of a firearm enhancement under the guidelines based on possession of the firearm by a co-conspirator).

For the foregoing reasons, the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a

3

certificate of appealability is DENIED.

This 5 January 2015.

_____
W. Earl Britt

Senior U.S. District Judge